FILED
CLERK, U.S. DISTRICT COURT

OCT 26 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1

2

3

4

5

6

7

8

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13   JAMIE NAULT,                          Case No. 2:16-cv-05721-SVW-E

14              Plaintiff,                  **[DISCOVERY MATTER]**

15        v.                               **PROTECTIVE ORDER AND FRE
                                           502(d) and (e) CLAWBACK
16   DIRECTV, LLC,                         AGREEMENT/ORDER**

17              Defendant.

18                                         Date:        TBD, 2016
                                           Time:
19                                         Courtroom:

20                                         Discovery Cut-Off:  N/A
                                           Pretrial Conference: N/A
21                                         Trial Date:  N/A
                                           Action Filed: August 1, 2016
22

23

24

25

26

27

28

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

1    The Court, based on a finding of Good Cause, hereby ENTERS the following

2  Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Clawback

3  Agreement/Order under Fed. R. Ev. 502(d) and (e).  To protect trade secret and/or

4  confidential research, development or commercial information, information protected

5  from disclosure by 47 U.S.C. § 338(i), information and documents which may be

6  protected by the attorney-client privilege and the tangible or intangible work product

7  doctrines, and/or private information related to this litigation, it is **HEREBY**

8  **ORDERED** that:

9    1.    Any document or information produced or disclosed pursuant to the terms

10  of this Protective Order cannot be used for any purpose other than this lawsuit or in the

11  eleven other related Central District Cases currently pending before this Court.[1]  Thus,

12  information and documents produced through discovery and designated as

13  "Confidential" may be disclosed only to:  (a) a party, (b) recognized counsel for the

14  parties in this case, and their staff and other attorneys in their firms, namely: STUEVE

15  SIEGEL HANSON LLP and LEAR WERTS LLP, Attorneys for Plaintiffs, and AKIN

16  GUMP STRAUSS HAUER & FELD, LLP, Attorneys for Defendants, (c) witnesses,

17  (d) experts and consultants retained by a party for assistance in trial preparation or for

18  testimony, (e) any persons requested by counsel to furnish services such as document

19  coding, image scanning, mock trial, jury profiling, translation services, court reporting

20  services, demonstrative exhibit preparation, or the creation of any computer database

21  from documents, (f) the Court and its personnel, and (g) for use in trial.  The designation

22

23  [1] These cases together are twelve cases brought against Defendant DirecTV, LLC by
    Plaintiffs' counsel, and are collectively referred to as the Central District Cases. They
24  are: *Lasater v. DirecTV*, 2:16-cv-01373-SVW-E; *Le v. DirecTV*, 2:16-cv-01369-SVW-E;
    *To v. DirecTV*, 2:16-cv-01374-SVW-E; *Varas v. DirecTV*, 2:16-cv-01395-SVW-E;
25  *Trujeque v. DirecTV*, 2:16-cv-01477-SVW-E; *Lkhagvadorj v. DirecTV*, 2:16-cv-01502-
26  SVW-E; *Gonzalez v. DirecTV*, 2:16-cv-01630-SVW-E; *Kidd v. DirecTV*, 5:16-cv-
    00356-SVW-E; *Magill v. DirecTV*, 5:16-cv-00356-SVW-E; *Guzik v. DirecTV*, 2:16-cv-
27  01967-SVW-E; *Solis Juarez v. DirecTV*, 5:16-cv-00400-SVW-E; and *Nault v. DirecTV*,
28  2:16-cv-05721-SVW-E.

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

1    "Confidential" may be invoked in good faith by a producing party with respect to items

2    of discovery produced through this litigation which the producing party or non-party

3    reasonably believes not to be in the public domain and contains any confidential,

4    strategic, research, development, or commercial information or private, personal or

5    personnel information, and information and documents which may be protected by the

6    attorney-client privilege and the tangible or intangible work product doctrines.

7         2.     Any document designated by a party as "Attorneys' Eyes Only" may be

8    disclosed only to: (a) recognized counsel for the parties in this case, and their staff and

9    other attorneys in their firms, namely: STUEVE SIEGEL HANSON LLP and LEAR

10    WERTS LLP, Attorneys for Plaintiffs, and AKIN GUMP STRAUSS HAUER & FELD,

11    LLP, Attorneys for Defendants, (b) experts and consultants retained by a party for

12    assistance in trial preparation or for testimony, (c) any persons requested by counsel to

13    furnish services such as document coding, image scanning, mock trial, jury profiling,

14    translation services, court reporting services, demonstrative exhibit preparation, or the

15    creation of any computer database from documents, (d) the Court and its personnel, and

16    (e) for use in trial. As used herein, the designation "Attorneys' Eyes Only" may be

17    invoked in good faith by a producing party only with respect to Confidential

18    Information which the producing party or non-party reasonably believes to be: (1) a

19    trade secret or so competitively sensitive that it is entitled to extraordinary protections or

20    (2) non-public financial information about a person or party.

21         3.     Confidential Information or Attorneys' Eyes Only Information may be

22    disclosed to a person, not already allowed access to such information under this

23    Protective Order, if: the information was previously received or authored by the person

24    or was authored or received by a director, officer, employee or agent of the company for

25    which the person is testifying as a corporate designee; the designating party is the

26    person or is a party for whom the person is a director, officer, employee, consultant or

27    agent; or counsel for the party designating the material agrees that the material may be

28    disclosed to the person. In the event of disclosure under this paragraph, only the

---

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

1  reporter, the person, his or her counsel, the judge and persons to whom disclosure may

2  be made, and who are bound by the Protective Order, may be present during the

3  disclosure or discussion of Confidential Information.  Disclosure of material pursuant to

4  this paragraph shall not constitute a waiver of the confidential status of the material so

5  disclosed.

6        4.     Each person who is to receive Confidential or Attorney's Eyes Only

7  Information pursuant to paragraphs 1(c),(d), or (e) or 2(b) or (c), shall execute a Written

8  Assurance in the form attached hereto as Exhibit A.

9        5.     The inadvertent failure to designate or withhold any information as

10  Confidential or Attorneys' Eyes Only will not be deemed to waive a later claim as to its

11  confidential nature, or to stop the producing party from designating such information as

12  confidential at a later date in writing and with particularity.  The information shall be

13  treated by the receiving party as confidential from the time the receiving party is

14  notified in writing of the change in the designation.

15        6.     The parties recognize that the Satellite Television and Localism Act of

16  2010, 47 U.S.C. § 338(i), (the "Act") prohibits the disclosure of personally identifiable

17  information concerning any satellite subscriber without the prior written consent of the

18  subscriber concerned.  Accordingly, the parties agree that any documents that contain

19  personally identifiable information concerning satellite subscribers shall be treated as

20  Confidential and only copies of documents that do not contain, or that have personally

21  identifiable information concerning satellite subscribers redacted, will be submitted to

22  the Court.

23        7.     All experts retained by a party for assistance in trial preparation or for

24  testimony will be provided a copy of this Protective Order and will be made aware that

25  they are prevented from publicly disseminating this information and are required to

26  maintain its confidentiality.

27

28

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

8.     This Protective Order will not prohibit the use of Confidential Information in depositions of witnesses allowed access to such documents under the terms of this Protective Order and/or at trial.

9.     A party may designate information disclosed at a deposition as Confidential or Attorneys' Eyes Only Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition.  If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date the transcript of the deposition is received from the Court reporter to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential or Attorneys' Eyes Only Information.

10.     The parties shall act to protect from public disclosure all information produced through discovery and designated Confidential or Attorneys' Eyes Only Information.  The parties will file documents under seal pursuant to Local Rule 79-5.1.

11.     If any party wishes to modify this Order, the parties shall first request such modification from each other and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this lawsuit.  Modification of this Order after termination of this lawsuit, by judgment, settlement or otherwise, shall not be permitted.  Until modification is granted by agreement or order, the terms of this Order will govern.

12.     Notwithstanding the claw back provision in paragraph 17, if any party wishes to challenge a designation under this Order, the parties shall first request a changed designation from the producing party and, if no satisfactory agreement is reached, may petition the Court to challenge a designation at any time prior to termination of this lawsuit.  Until a change to a designation is granted by agreement or order, the producing party's designation will govern.

13.     This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

1    14.    This Order shall not preclude the Court or its personnel from reviewing any

2    documents or information as necessary for the conduct of this litigation, except for

3    documents containing personally identifiable information concerning satellite

4    subscribers, which shall only be submitted to the Court consistent with paragraph 5.

5    Confidential or Attorneys' Eyes Only Information designated documents filed with the

6    Court shall be filed under seal.

7    15.    Within sixty (60) calendar days after final judgment in this action,

8    including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal

9    pursuant to a settlement agreement, each party or other person subject to the terms of

10   this Protective Order shall be under an obligation to destroy or return to the producing

11   party all materials and documents designated Confidential or Attorneys' Eyes Only

12   Information, and to certify to the producing party such destruction or return upon

13   request.  However, outside counsel for any party shall be entitled to retain all court

14   papers, trial transcripts, exhibits and attorney work product provided that any such

15   materials are maintained and protected in accordance with the terms of this Protective

16   Order.

17   16.    This Order shall apply to any person or entity from whom discovery may

18   be sought and who desires protections for the discovery sought.  Thus, any non-party

19   requested or required to produce or disclose documents, things or information, or to

20   provide testimony in this proceeding, through subpoena or otherwise, may designate

21   such documents, things or information or testimony as Confidential or Attorneys' Eyes

22   Only Information under the terms of this Order.  Third party discovery designated under

23   this Order shall be treated by the parties in accordance with the provisions of this Order

24   as if such documents, things or information or testimony were produced or provided by

25   a party to this action.

26   17.    Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders

27   protection of privileged and otherwise protected documents against claims of waiver

28   (including as against third parties and in other federal and state proceedings) as follows:

---

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

1         a.  the disclosure or production of documents by a Producing Party subject to a

2 legally recognized claim of privilege, including without limitation attorney-client

3 privilege and the work product doctrine, to a receiving party, shall in no way constitute

4 the voluntary disclosure of such document.

5         b.  the inadvertent disclosure or production of any documents in this action

6 shall not result in the waiver of any privilege, evidentiary protection or other protection

7 associated with such document as to the receiving party or any third parties, and shall

8 not result in any waiver, including subject matter waiver, of any kind.

9         c.  if, during the course of this litigation, a party determines that any document

10 produced by another party is or may reasonably be subject to a legally recognizable

11 privilege or evidentiary protection ("Protected Document"):

12           i.   the receiving party shall:  (A) refrain from reading the Protected

13 Document any more closely than is necessary to ascertain that it is privileged or

14 otherwise protected from disclosure; (B) immediately notify the Producing Party in

15 writing that it has discovered Documents believed to be privileged or protected;

16 (C) specifically identify the Protected Documents by Bates number range or hash value,

17 and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or

18 destroy all copies of such Protected Documents, along with any notes, abstracts or

19 compilations of the content thereof.  To the extent that a Protected Document has been

20 loaded into a litigation review database under the control of the Receiving Party, the

21 Receiving Party shall have all electronic copies of the Protected Document extracted

22 from the database.  Notwithstanding, the Receiving Party is under no obligation to

23 search or review the Producing Party's Documents to identify potentially privileged or

24 work product Protected Documents.

25          ii.   If the Producing Party intends to assert a claim of privilege or other

26 protection over Documents identified by the Receiving Party as Protected Documents,

27 the Producing Party will, within ten (10) days of receiving the Receiving Party's written

28 notification described above, inform the Receiving Party of such intention in writing

---

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

1  and shall provide the Receiving Party with a log for such Protected Documents that is

2  consistent with the requirements of the Federal Rules of Civil Procedure, setting forth

3  the basis for the claim of privilege or other protection.  In the event that any portion of a

4  Protected Document does not contain privileged or protected information, the Producing

5  Party shall also provide to the Receiving Party a redacted copy of the document that

6  omits the information that the Producing Party believes is subject to a claim of privilege

7  or other protection.

8          d.  If, during the course of this litigation, a party determines it has produced a

9  Protected Document:

10          i.      the Producing Party may notify the Receiving Party of such

11  inadvertent production in writing, and demand the return of such documents.  Such

12  notice shall be in writing, however, it may be delivered orally on the record at a

13  deposition, promptly followed up in writing.  The Producing Party's written notice will

14  identify the Protected Document inadvertently produced by bates number range or hash

15  value, the privilege or protection claimed, and the basis for the assertion of the privilege

16  and shall provide the Receiving Party with a log for such Protected Documents that is

17  consistent with the requirements of the Federal Rules of Civil Procedure, setting forth

18  the basis for the claim of privilege or other protection.  In the event that any portion of

19  the Protected Document does not contain privileged or protected information, the

20  Producing Party shall also provide to the Receiving Party a redacted copy of the

21  Document that omits the information that the Producing Party believes is subject to a

22  claim of privilege or other protection.

23          ii.      The Receiving Party must, within ten (10) days of receiving the

24  Producing Party's written notification described above, return, sequester, or destroy the

25  Protected Document and any copies, along with any notes, abstracts or compilations of

26  the content thereof.  To the extent that a Protected Document has been loaded into a

27  litigation review database under the control of the Receiving Party, the Receiving Party

28  shall have all electronic copies of the Protected Document extracted from the database.

---

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

e. To the extent that the information contained in a Protected Document has **already been used in or described in other documents generated or maintain**ed by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

i. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

ii. the disclosure of the Protected Documents was not inadvertent;

iii. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv. the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

g. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

h. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of

1    the Court's order.  The Court may also order the identification by the Receiving Party of

2    Protected Documents by search terms or other means.

3          i.   Nothing contained herein is intended to, or shall serve to limit a party's

4    right to conduct a review of documents, data (including electronically stored

5    information) and other information, including without limitation, metadata, for

6    relevance, responsiveness and/or the segregation of privileged and/or protected

7    information before such information is produced to another party.

8          j.   By operation of the parties' agreement and Court Order, the parties are

9    specifically afforded the protections of FRE 502 (d) and (e).

10   **IT IS SO ORDERED.**

11   DATED this _26 th_ day of _October_ , 2016.

12

13

14                         Hon. Charles F. Eick
                            United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

**EXHIBIT A**
**WRITTEN ASSURANCE**

I, _____, declare that:

    1.   My address is _____, and the address of my present employer is

_____.

    2.   My present occupation or job description is _____.

    3.   My present relationship to plaintiff(s)/defendant(s) is _____.

4.  I have received a copy of the Stipulated Protective Order and Clawback Agreement (the "Protective Order") in this action.

5.  I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential or Attorneys' Eyes Only information received under the protection of the Protective Order.

6.  I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential or Attorneys' Eyes Only in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all Confidential or Attorneys' Eyes Only documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

    I declare under penalty of perjury under the laws of the state where executive that the foregoing is true and correct.

    Executed this_____ day of_____, 20____, in the State of _____ .

_____
Signature

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER